IN THE UNITED STATES DISTRICT COURT OF
THE NORTHERN DISTRICT OF ILLINOIS

FILED
SEP 12 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| TRAVIS HOOTS<br>501 N. Albers St.<br>Golden, IL 62339<br><br>Plaintiff,<br><br>vs.<br><br>ILLINOIS MARINE TOWING, INC.<br><br>SERVE:  Leo J. Cattoni<br>          Registered Agent<br>          379 River St.<br>          Lemont, IL 60439<br><br>Defendant. | Ca. **08CV5225**<br>**JUDGE LEINENWEBER**<br>**MAG. JUDGE COX**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW plaintiff, Travis Hoots by and through his attorneys, Rathmann & O'Brien, L.L.C. and Cooney & Conway, and for his cause of action against the defendant, Illinois Marine Towing, Inc., a corporation, states:

### Jurisdictional Statement

1. Plaintiff, Travis Hoots, is and was at all times relevant a resident of Golden, Illinois.

2. Defendant, Illinois Marine Towing, Inc., is now, and was at all times hereinafter mentioned, is and was a corporation authorized to and doing business in the State of Illinois with a registered agent in the State of Illinois and specifically in the

territory which compromises the United States District Court of the Northern District of Illinois.

3. Defendant, Illinois Marine Towing, Inc., has facilities and agents for the conduct of its usual and customary business located in the Northern District of Illinois, at 379 River St., Lamont, Illinois.

4. Plaintiff, Travis Hoots, was employed by defendant as a deck hand from approximately August, 1999 through October 15, 2005, the date of the occurrence, performing compensated services for this defendant. The injuries complained of in this Complaint were sustained within the course of that employment.

5. The District Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1331, a federal questions arising under the laws of the United States of America.

6. Venue of this action is proper in the United States District Court for the Northern District of Illinois pursuant to the terms of the Federal Employers Liability Act, 45 U.S.C. Section 51 et seq.

## Jones Act

7. At all times hereinafter mentioned, plaintiff Travis Hoots, was employed by the defendant, Illinois Marine Towing, Inc.

8. By virtue of his employment with defendant, Illinois Marine Towing, Inc., and specifically on October 15, 2005, while employed as a deck hand for the defendant, Illinois Marine Towing, Inc., at or near Chicago, Illinois, and during the course of his

employment for the defendant, plaintiff was injured while attempting to free a rope that was under tension. The slack suddenly came out of the rope pulling on his right hand causing his injuries, as such, plaintiff was a seaman within the meaning of 46 U.S.C. Section 688, et seq.

9. The occurrence described hereafter occurred and plaintiff's injuries were sustained at defendant's facilities within the geographical limits of the Northern District of Illinois.

10. Plaintiff states that the aforesaid occurrence and his injuries and damages were proximately caused by the negligence of defendant, its officers, agents, employees and servants in the following respects:

    a) Defendant failed to provide reasonably safe conditions for work and defendant knew, or in the exercise of ordinary care should have known, of such conditions and that said conditions would reasonably likely cause substantial harm.

    b) Defendant failed to provide reasonably safe and adequate equipment, tools and appliances to perform the aforementioned work and defendant knew, or in the exercise of ordinary care should have known, of the said conditions and that said conditions would reasonably likely cause substantial harm.

    c) Defendant failed to provide reasonably safe methods for work and defendant knew, or in the exercise of ordinary care should have known, of said conditions and that said conditions would reasonably likely cause substantial harm.

    d) Defendant failed to provide reasonably adequate help and assistance to perform the aforesaid work and defendant knew, or in the exercise of ordinary care should have known, of said conditions and that said conditions would reasonably likely cause substantial harm.

    e) Defendant failed to warn and failed to adequately warn plaintiff of

        the risks involved in the aforesaid work and defendant knew, or in the exercise of ordinary care should have known, of said conditions and that said conditions would reasonably likely cause substantial harm.

    f)    Defendant failed to provide adequate and sufficient training and supervision to perform the aforesaid work and defendant knew, or in the exercise of ordinary care should have known, of said conditions and that said conditions would reasonably likely cause substantial harm.

11. As a result of the aforementioned conduct of the Defendant, Plaintiff was caused to suffer the following serious, painful, progressive, permanent and disabling injuries and damages: Plaintiff suffered injuries to his right wrist, and the tendons, cartilage, nerves, ligaments and the adjacent structures thereto; Plaintiff has been required to seek medical treatment and will so in the future; Plaintiff has been required to undergo various diagnostic tests and will so in the future; Plaintiff has been required to undergo surgery; Plaintiff has lost the wages of his employment and will in the future suffer loss of earning capacity; Plaintiff has sustained injuries and pain and suffering and will further suffer pain in the future; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will do so in the future; Plaintiff's ability to work, labor and enjoy the normal pursuits of life has been impaired.

WHEREFORE, Plaintiff, Travis Hoots, prays that this Court enter Judgment in his Complaint against the defendant for a sum fair and reasonable under the circumstances in excess of $75,000.00 which is the jurisdictional minimum of the Court, together with his costs herein expended and Plaintiff's damages.

RATHMANN & O'BRIEN, L.L.C.

/s/ Patrick O'Brien
_____
PATRICK S. O'BRIEN #3127549
1031 Lami
St. Louis, MO 63104
(314) 773-3456
(314) 773-7238 (facsimile)

COONEY & CONWAY
Robert J. Cooney, Jr. #90200
120 North LaSalle - 30th Floor
Chicago, IL 60602
312-236-6166 Telephone

Attorneys for Plaintiff